**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 15-cv-02313-REB-CBS

U.S. COMMODITY FUTURES TRADING COMMISSION,

    Plaintiff,

v.

GREGORY L. GRAMALEGUI,

    Defendant.

---

**ORDER GRANTING *EX PARTE* MOTION FOR
A STATUTORY RESTRAINING ORDER**

---

**Blackburn, J.**

This matter is before me on **The Commission's *Ex Parte* Emergency motion for a Statutory Restraining Order and Incorporated Memorandum of Law** [#2] filed October 19, 2015. The plaintiff, the United States Commodity Futures Trading Commission (Commission), has moved, pursuant to the Commodity Exchange Act (CEA), 7 U.S.C. § 13a-1(a) (2012), for an *ex parte* statutory restraining order against Defendant Gregory L. Gramalegui (Defendant) freezing his assets and prohibiting the destruction of books, records, or other documents.

The court has considered the pleadings, motion, declarations, exhibits, and memorandum filed in support of the Commission's Motion, and now, being fully advised, finds as follows.

1. The court possesses jurisdiction over the parties and over the subject matter of this action pursuant to 7 U.S.C. § 13a-1 (2012).

2. Venue properly lies in this District pursuant to 7 U.S.C. § 13a-1(e).

3. There is good cause to believe that Defendant has engaged in, is engaging in, or is about to engage in violations of 7 U.S.C. § 6o(1) (2012).

4. Namely, the Commission has presented evidence that Defendant has made false and misleading statements about his clients' ability to make profits using futures trading products and services that the Defendant sells through Emini Trading School (ETS). Defendant charged thousands of dollars for trading software and plans that purportedly enabled his clients to "win every day in the markets" but that had no proven record of success. Defendant himself lost money using the same techniques he sold to his clients. Defendant continues to market ETS products and services in this manner. Accordingly, the Commission has shown that there is good cause to believe that Defendant has engaged in, is engaging in, and is about to engage in violations of 7 U.S.C. § 6o(1).

5. There is good cause to believe that immediate and irreparable damage to the court's ability to grant effective final relief for clients in the form of monetary redress will occur from the sale, transfer, assignment, or other disposition by Defendant of assets or records unless Defendant is immediately restrained and enjoined by order of this court.

6. There is good cause for entry of an order freezing assets owned, controlled, managed, or held by or on behalf of, or for the benefit of, Defendant.

7. There is good cause for entry of an order prohibiting Defendant, his agents, servants, employees, assigns, attorneys, and persons in active concert or participation with Defendant, including any successor thereof, from destroying records and/or denying agents of the Commission immediate and complete access to Defendant's books and records for inspection and copying.

8. Absent the entry of this order, there is a reasonable likelihood that Defendant will dissipate or transfer assets and destroy books and records.

9. This is a proper case for granting a statutory restraining order ex parte to preserve the status quo, protect clients from loss and damage, and enable the Commission to fulfill its statutory duties.

Therefore, the court orders as follows:

## DEFINITIONS

For the purposes of this Order, the following definitions apply:

10. "Assets" means any legal or equitable interest in, right to, or claim to, any real or personal property, whether individually or jointly, directly or indirectly controlled, and wherever located, including, but not limited to: chattels, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries, inventory, checks, notes, accounts (including, but not limited to, bank accounts and accounts at other financial institutions), credits, receivables, lines of credit, contracts (including spot, futures, options, or swaps contracts), insurance policies, and all cash, wherever located, whether within or outside the United States.

11. The term "document" is synonymous in meaning and equal in scope to the broad usage of the term in Federal Rule of Civil Procedure 34(a).

12. "Defendant" refers to Gregory L. Gramalegui, and any person insofar as he or she is acting in the capacity of an agent, servant, employee, or attorney of Defendant and any person who receives actual notice of this Order by personal service or otherwise insofar as he or she is acting in concert or participation with Defendant. "Defendant" also refers to any d/b/a, successor, affiliate, subsidiary, or other entity owned, controlled, managed, or held by, on behalf of, or for the benefit of Gregory L.

3

Gramalegui, including but not limited to Emini Trading School.

## RELIEF GRANTED

## I. ASSET FREEZE

IT IS ORDERED that

13. Defendant and his agents, servants, employees, assigns, attorneys, including any successor thereof, and persons in active concert or participation with him, who receive actual notice of this Order by personal service or otherwise, are immediately restrained and enjoined from directly or indirectly transferring, selling, alienating, liquidating, encumbering, pledging, leasing, loaning, assigning, concealing, dissipating, converting, withdrawing, or otherwise disposing of any assets of Defendant, wherever located, including assets held outside the United States, except as otherwise ordered by the Court.

14. The assets affected by this Order shall not include assets obtained after the effective date of this Order, to the extent such assets are not derived from or otherwise related to the activities alleged in the Commission's complaint.

## II. NOTICE TO FINANCIAL INSTITUTIONS AND OTHERS

15. Any financial or brokerage institution, business entity, or person that holds, controls, or maintains custody of any account or asset titled in the name of, held for the benefit of, or otherwise under the control of Defendant, or has held, controlled, or maintained custody of any such account or asset of Defendant at any time since October 1, 2010 shall

    a. prohibit Defendant and all other persons from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling or otherwise disposing of Defendant's assets, except as

directed by further order of the Court;

b. deny Defendant and all other persons access to any safe deposit box that is: (i) owned, controlled, managed, or held by or on behalf of or for the benefit of Defendant; or (ii) otherwise subject to access by Defendant;

c. provide the Commission, within five (5) business days of receiving a copy of this Order, a statement setting forth: (i) the identification number of each and every account or asset owned, controlled, managed, or held by or on behalf of or for the benefit of Defendant; (ii) the balance of each such account, or a description of the nature and value of such asset as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted; and (iii) identification of any safe deposit box that is either owned, controlled, managed, or held by or on behalf of or for the benefit of Defendant, or is otherwise subject to access by Defendant;

d. on request by the Commission, promptly provide the Commission with copies of all records or other documentation pertaining to such account or asset, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs; and

e. cooperate with all reasonable requests of the Commission relating to implementation of this Order, including transferring funds at the Commission's direction and producing records relating to Defendant's accounts.

### III. MAINTENANCE OF AND ACCESS TO BUSINESS RECORDS

IT IS ORDERED FURTHER that

16. Defendant and all persons or entities who receive notice of this Order by personal service or otherwise, are restrained from directly or indirectly destroying, mutilating, erasing, altering, concealing or disposing of, in any manner, directly or indirectly, any documents that relate to the business practices or business or personal finances of Defendant.

### IV. BOND NOT REQUIRED OF PLAINTIFF

IT IS ORDERED FURTHER that

17. Because the Commission is an agency of the United States of America and has made a proper showing under 7 U.S.C. § 13a-1(b), this restraining order is granted without bond. Accordingly, the Commission need not post a bond.

### V. INSPECTION AND COPYING OF BOOKS AND RECORDS

IT IS ORDERED FURTHER that

18. Defendant shall immediately allow representatives of the Commission to inspect the books, records, and other documents of Defendant and his agents including, but not limited to, paper documents, electronically stored information, tape recordings, and computer discs, wherever they may be situated and whether they are in the possession of Defendant or others, and to copy said documents, data, and records either on or off the premises wherever they may be situated.

19. Defendant shall, within 72 hours of the service of this Order on defendant, cause to be prepared and delivered to the Commission a detailed and complete schedule of all passwords and identification (ID) codes for all websites and all accounts at any bank, financial institution, or brokerage firm (including any introducing broker or

futures commission merchant) operated by or to which Defendant has access.

20. Defendant shall, within 72 hours of the iservice of this Order on defendant, cause to be prepared and delivered to the Commission, a detailed and complete schedule of all desktop computers, laptop computers, and mobile devices owned or used by him in connection with his business. The schedules required by this section shall include at a minimum the make, model, and description of the computer or device; the location of the computer or device; the name of the person primarily assigned to use the computer or device; and all passwords necessary to access and use the software contained on the computer or device. The Commission shall be authorized to make an electronic, digital, or hard copy of all of the data contained on the computer(s) and/or device(s).

### VI. SERVICE OF ORDER AND ASSISTANCE OF LAW ENFORCEMENT

IT IS ORDERED FURTHER that

21. Copies of this Order may be served by any means, including facsimile transmission, on any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of Defendant, or that may be subject to any provision of this Order.

22. Representatives of the Commission, the United States Marshals Service, and other state or local law enforcement agencies are specially appointed by the Court to effect service of this Order.

23. The United States Marshals Service and other state and local law enforcement agencies, in order to ensure the safety of Commission representatives, are authorized to accompany and assist the Commission in the service and execution of the Summons, Complaint and this Order on Defendant and in carrying out the inspection

and copying of books, records, and documents set out in this Order.

## VII. FORCE AND EFFECT

IT IS ORDERED FURTHER that

24. This Court retains jurisdiction of this matter for all purposes.

25. This Order shall remain in full force and effect until further order of this Court.

Dated October 19, 2015, at 5:22 p.m. (MDT), at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge