# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLORADO

Gordon P. Gallagher, United States Magistrate Judge

Civil Action No. 15-cv-02313-REB-GPG

U.S. COMMODITY FUTURES TRADING COMMISSION,

    Plaintiff,

v.

GREGORY L. GRAMALEGUI,

    Defendant.

## ORDER REGARDING THE CFTC'S MOTION TO EXTEND THE DEADLINE FOR SERVING REQUEST FOR ADMISSION PURSUANT TO FED. R. CIV. P. 6(b)(1)(B)

    This matter comes before the Court on the CFTC's motion (ECF #116)[1] (which was referred to this Magistrate Judge (ECF #117)) and Defendant's response (ECF # 118). The Court has reviewed each of the aforementioned documents and any attachments. The Court has also considered the entire case file, the applicable law, and is sufficiently advised in the premises. Oral argument was not requested and is not necessary to resolve this discrete issue. For the following reasons, I **GRANT the motion in part and Deny the motion in part as specifically set forth below.**

---

[1] "(ECF #116)" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

Plaintiff filed requests for admission (49 of them) on October 14, 2016.  On October 26, 2016, Defendant objected opposing those requests as having been filed past the deadline for such requests and additionally opposing any extension of the deadline.

A scheduling order was entered in this action on 1/11/16 (ECF #32).  The date for requests for admissions was set as May 10, 2016 (ECF #32, p. 7, para. g).  The Court allowed up to 60 such requests per side (ECF # 32, p. 6, para. c).  As is noted in the scheduling order agreed to by the parties and adopted by the Court  "[t]he parties intend to use requests for admission to expedite certain issues in this litigation, including, for example, using requests for admission to authenticate documents." *Id.*

On May 3, 2016 the CFTC filed a motion to compel and for sanctions (ECF #46) which was ultimately granted, in part, on July 28, 2016 (ECF #67).

On August 5, 2016 the CFTC file a motion to extend case deadlines (ECF #70) specifically requesting "a significant extension of all pending deadlines . . ." (p. 2)  and later requesting "a three-month extension of all case deadlines . . ." (p. 6).  The Court granted the motion, in part (ECF #77), but never specified whether this applied to requests for admission.  The thrust of the CFTC's motion (ECF #70) and the fundamental reason for granting the extension was to address the inability of the CFTC to proceed with certain portions of discovery due to what the Court ultimately found was sanctionable conduct on the part of Defendant.

The CFTC now moves for an extension of the request for admission deadline and citing excusable neglect as the reasoning for not having filed the requests.  Essentially, the CFTC thought, mistakenly, that requests for admission could be propounded at any time during the discovery period.

The parties both cite to *Wason Ranch Corp. v. Hecla Mining Co.*, 2008 WL 793638, at *2 (D. CO) which states in pertinent part:

> Excusable neglect requires [the moving party] to demonstrate good faith for the request and a reasonable basis for not complying within the specified period. *Four Seasons Secs. Law Litig. v. Bank of Am.,* 493 F.2d 1288, 1290 (10th Cir.1974). A finding of excusable neglect is appropriate if [the parties] late supplementation is due to "mistake, inadvertence or carelessness and not to bad faith." *Panis v. Mission Hills Bank, N.A.,* 60 F.3d 1486, 1494 (10th Cir.1995). Whether the neglect is "excusable" depends upon the circumstances surrounding the failure, such as (1) any prejudice to the nonmoving party, (2) the length of delay and its affect on the judicial proceedings, and (3) the reason for the delay. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership,* 507 U.S. 380, 395 (1993). The reason for delay, including whether the moving party acted in good faith and whether the moving party was in control of the circumstances surrounding the delay, is the most relevant portion of this inquiry. *City of Chanute v. Williams Nat. Gas Co.,* 31 F.3d 1041, 1046 (10th Cir.1994). At its heart, "[t]he determination whether a party's conduct constitutes 'excusable neglect' is an equitable one that requires a court to consider all relevant circumstances." *Rittmaster v. PaineWebber Group, Inc. (In re Paine Webber Ltd. P'ships Litig.),* 147 F.3d 132, 134 (2d Cir.1998).

To say that discovery has been hotly contested in this action would be a significant understatement. In addition to the instant motion, the Court had pending before it a motion to compel and for sanctions filed by the CFTC (ECF #124) and a separate motion for criminal contempt sanctions also filed by the CFTC (ECF #110). As stated *supra*, the Court has already addressed prior discovery disputes in this action. A trial date is set for March 13, 2017. The discovery deadline of 11/14/16 and the dispositive motions deadline of 12/16/16 have both passed. I would note that the instant motion was filed on 10/28/16, prior to the expiration of the discovery deadline and the dispositive motions deadline.

As stated in *Wason* it is the equities of the situation which must drive my decision. This is an action in which the parties have hotly litigated the spirit and the rule of discovery

compliance and, by all appearances, will continue to so contest. To date, I have found Defendant to have violated the rules and have financially sanctioned Defendant for that violation in an amount in excess of $22,000.00. To not require equal compliance from the CFTC would be neither equitable nor just.

The CFTC made a mistake, they failed to spot/tickle the requests for admission deadline and missed it by some five months. Perhaps that deadline would have been continued if the Court were asked, perhaps not. But the Court was never asked and never continued the deadline. For that reason, I find that it would be unfair to allow (most of) the requests for production, at this late stage, with regard to information which appears to have been known in the regular course of discovery.

However, that is not the end of the analysis. There is some information, some of which the Court can parse out and other requests which may require further elucidation, that came late due to Defendant's actions. Specifically, I find that the requests numbered: 30, 31, 32, and 48 appear to be based on information which was provided late due to Defendant's discovery violations. There may be other questions which are based on new information which the Court cannot discern due to the method of the question being asked, e.g., the citation to certain Bates # pages. I find it equitable to extend the requests for admission date to allow requests which could not have been earlier made due to Defendant's conduct.

Therefore, I Order that Defendant must respond to the requests for admission numbered 30, 31, 32 and 48;

It is further Ordered that the CFTC may identify, with specificity, any additional requests which it believes it could not have propounded in a timely fashion due to Defendant's discovery violations. Such identification is to be provided within 7 days and Defendant will have 7 days to respond. No reply will be allowed without further leave of the Court;

I do not find the CFTS' motion to be frivolous or groundless and do not Order fees or costs.

Dated at Grand Junction, Colorado, this December 23, 2016.

_____

Gordon P. Gallagher

United States Magistrate Judge