# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLORADO

Gordon P. Gallagher, United States Magistrate Judge

Civil Action No. 15-cv-02313-REB-GPG

U.S. COMMODITY FUTURES TRADING COMMISSION,

    Plaintiff,

v.

GREGORY L. GRAMALEGUI,

    Defendant.

---

**ORDER REGARDING DEFENDANT'S MOTION TO PRECLUDE REPORT OF PLAINTIFF'S REBUTTAL EXPERT UNDER FED. R. EVID. 702, et al (Refiled, previously filed as the now stricken ECF #113)**

---

This matter comes before the Court on Defendant's motion (ECF #114)[1] (which was referred to this Magistrate Judge (ECF #115)),[2] the CFTC's response (ECF # 126), and Defendant's reply (ECF # 130). The Court has reviewed each of the aforementioned documents and any attachments. The Court has also considered the entire case file, the applicable law, and is sufficiently advised in the premises. Oral argument was not requested and is not necessary to resolve this discrete issue. I incorporate by reference my ruling entitled "Order regarding the

---

[1] "(ECF #114)" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

[2] Any party may object to this non-dispositive Order within fourteen (14) days. Fed.R.Civ.P. 72(a).

CFTC's motion to exclude the expert report and testimony of David R. Aronson" (ECF #163). For the following reasons, I DENY the motion or find it MOOT as set forth below.

In purported rebuttal to Defendant's expert David Aronson, the CFTC submitted a report from Jack Schwager to which Defendant has objected. I will address the relevant objections in turn. Before reaching those objections, I refer back to the aforementioned Order in ECF #163. In that Order, I excluded certain proposed testimony from Mr. Aronson. In particular, I excluded the testimony which would have come from the answer to the 1st and 3rd questions asked of Mr. Aronson. I allowed the answer to question 2(a) in that:

> Mr. Aronson will be able to opine as to whether Defendant was offering and selling an advisory service or teaching. Mr. Aronson will not be able to proffer for himself the definition of advisory service. Mr. Aronson will be able to give specific examples to discuss how a teacher might use "current" or "real-time examples" as a teaching method.

I also allowed the answer to question 2(b) in that:

> Mr. Aronson may opine that creating a system for trades never entered into could be of educational benefit, thus bolstering the assertion that Defendant was merely teaching.

As a starting point, the purpose or Mr. Schwager's testimony would be only rebuttal to Mr. Aronson. Therefore any testimony not rebutting the two areas set forth above will be excluded. In terms of parsing out what rebuts 2(a) and (b), I next look to the Schwager report at section VI., 13 (ECF #114, Schwager report, pp. 4-5). Mr. Schwager breaks his opinion down into sections a-e. Based on my Order in ECF # 163, I now find that the opinions in sections (a), (d), and (e) are not relevant as I have excluded the Aronson report which they purport to rebut

and that issue is now moot. I make no further findings on these sections other than to exclude from testimony the Schwager opinions in VI., 13 (a), (d) & (e).

As to (b) and (c), I must look further. As a preliminary matter, Defendant moves to exclude the testimony of Mr. Schwager on the basis that it is not rebuttal testimony and that instead Mr. Schwager should have been designated as an initial expert. I do not find merit to this argument.

Fed.R.Civ.P. 26(a)(2)(D)(ii) defines rebuttal testimony as that which "is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B)." The same subject matter is not to be narrowly construed or interpreted in an overly restrictive manner. *See, TC Systems, Inc. v. Town of Colonie, New York*, 213 F. Supp. 2d 171, 180 (N.D. NY 2002), *see also, Armstrong v. I-Behavior Inc.*, 2013 WL 2419794 * 3 (D. Colo. 2013) (not reported). The proposed testimony of Mr. Schwager will be viewed from that lens.

As stated above, I have allowed in the Aronson testimony and opinions related to whether Defendant was acting as a teacher, thus falling into the exception set forth in 7 U.S.C. 1(a)(12), sections (B). I also allowed in testimony related to creating a reward-to-risk system for trades never entered into as evidence of educational intent. In my prior order, I set forth the definition of commodity trading advisor from 7 U.S.C. 1(a)(12), sections (A) & (B). *See* ECF #163, pp. 5-6. I did not then provide section (C), which states:

> (C) Incidental services
>
> Subparagraph (B) shall apply only if the furnishing of such services by persons referred to in subparagraph (B) is solely incidental to the conduct of their business or profession.

Mr. Schwager, in 13(b), states:

Mr. Aronson's contention that Defendant was offering an educational product rather than an advisory service seems to implicitly assume that there are mutually exclusive items – an unwarranted assumption. Mr. Aronson ignores addressing the numerous instances of evidence indicating that the defendant (sic) was also providing actionable trading recommendations and trading advice. It is my opinion that Defendant advertised – and provided – an advisory service.

Schwager opinion pp. 4-5.

That opinion squarely rebuts the Aronson testimony as to whether Defendant was acting as a teacher. It properly goes further to deal with the "incidental" distinction from 7 U.S.C. 1(a)(12)(C). It is proper to provide "new information in a rebuttal report, as long as the purpose of such inclusion is intended solely to contradict or rebut evidence on the same subject matter identified by another party." *United States v. CEMEX, Inc.*, 2011 WL 13068613 *1 (D. Colo. 2011) (not published). I find that the presentation of evidence that teaching v. providing an advisory service is an entirely logical and appropriate rebuttal to the Aronson testimony and will be allowed on that basis.

The Defense has not challenged Mr. Schwager's training and experience to opine on educational related matters under Rule 702(a). From a review of Mr. Schwager's bio (45 plus years in the industry, author of 11 financial books on the subject or related matters, speaker on the subject for 40 years) I find that Mr. Schwager has the requisite technical or specialized knowledge to help the trier of fact understand the evidence or determine a fact in issue.

The Defense does challenge prong (b) of the Schwager opinion in that Defendant argues that Mr. Schwager did not review the correct documents or perhaps all of the documents. I find that the documents, videos and other items reviewed give me confidence that Mr. Schwager's opinion is based on sufficient facts or data. Of course, Defendant will be able to attack and

4

challenge this evidence during cross-examination. *See Daubert v. Merrell Dow Phar.,* 509 U.S. 579, 596 (1993).

As to section (c), Mr. Schwager opines:

> Mr. Aronson makes a point of stating that reward-to-risk ratios can be defined for trades that are never taken – an entirely true statement, but also one that is completely irrelevant. Mr. Aronson ignores commenting on the many references by Defendant to trades that were taken or supposedly taken.

Schwager report p. 5. This correlates to Mr. Aronson's opinion in 2(b) which I have allowed only for purposes of whether such a system might be created for educational purposes. Thus, the only proper rebuttal would be to show that this system was not created for educational purposes. To the extent that Defendant claims and presents evidence (as testified to by Aronson) that he created a reward-to-risk ratio system for purely educational purposes, Schwager will be able to present rebuttal testimony on the issue to show that such was not the purpose of the system or that the educational aspect was "incidental."

Therefore, It is Ordered as follows:

1.	With regard to opinions 13 (b) and (c), these will be allowed in specific rebuttal to the Aronson testimony under the teaching defense if that is proffered at trial.

2.	With regard to opinions 13 (a), (d) and (e), these are each excluded as they are now rendered moot by the Court's Order in ECF #163.

Dated at Grand Junction, Colorado, this February 7, 2017.

Gordon P. Gallagher
United States Magistrate Judge