# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLORADO

Gordon P. Gallagher, United States Magistrate Judge

Civil Action No. 15-cv-02313-REB-GPG

U.S. COMMODITY FUTURES TRADING COMMISSION,

    Plaintiff,

v.

GREGORY L. GRAMALEGUI,

    Defendant.

---

**ORDER REGARDING THE CFTC'S MOTION TO PRECLUDE DEFENDANT FROM TESTIFYING SUBSTANTIVELY AND TO DRAW AN ADVERSE INFERENCE FOM HIS INVOCATION OF THE FIFTH AMENDMENT PRIVILEGE**

---

    This matter comes before the Court on the CFTC's motion (ECF #160)[1] (which was referred to this Magistrate Judge (ECF #161)),[2] Defendant's response (ECF # 190) and the CFTC's reply (ECF #203). The Court has reviewed each of the aforementioned documents and any attachments. The Court has also considered the entire case file, the applicable law, and is sufficiently advised in the premises. Oral argument was held on May 25, 2017. For the following reasons, I **GRANT the motion.**

---

[1] "(ECF #160)" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

[2] Any party may object to this non-dispositive Order within fourteen (14) days. Fed.R.Civ.P. 72(a).

1

Defendant's substantive deposition occurred on November 10, 2016.[3] Defendant asserted his Fifth Amendment privilege ("privilege") to most, if not all, substantive questions posed to him during the deposition. *See* ECF #160-2. The CFTC now moves "for an Order precluding Defendant [] from testifying at trial, other than for purposes of re-asserting his Fifth Amendment privilege, and requests that the Court draw an adverse inference against him . . ." ECF # 160, p. 1.

Revocation of the Privilege

As a preliminary matter, there was some pre-hearing indication that perhaps Defendant desired to testify during trial. At the hearing held on this matter, Defendant unequivocally asserted, through his Counsel, that he will not be testifying at trial and that this position will not later be changed. To some extent, that position renders at least a portion of the CFTC's motion (whether Defendant should be allowed to reverse his position and testify) moot. However, two questions still remain unsettled: (1) can Defendant be forced to assert the privilege on the stand in open Court; and (2) can an adverse inference flow from Defendant's assertion of the privilege. I will rule on those discrete issues.

Defendant asserts that he was essentially forced to assert the privilege after discovering that the CFTC made one or more criminal references to the United States Attorney regarding these matters. The CFTC apparently disclosed, in a privilege log, that a reference or recommendation was made regarding a criminal action related to this civil enforcement action. The Court has not been informed of any pending criminal action.

---

[3] Defendant also participated in a spoliation deposition at a separate time.

The Fifth Amendment allows an individual to not "answer official questions put to him in any ... proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings." *Lefkowitz v. Turley,* 414 U.S. 70, 77, 94 S.Ct. 316, 38 L.Ed.2d 274 (1973). Forcing a litigant to choose "between complete silence and presenting a defense has never been thought an invasion of the privilege against compelled self-incrimination." *Williams v. Florida,* 399 U.S. 78, 83–84, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970). "In a civil trial, a party's invocation of the privilege may be proper, but it does not take place in a vacuum; the rights of the other litigant are entitled to consideration as well." *SEC v. Graystone Nash, Inc.,* 25 F.3d 187, 191 (3d Cir.1994). Because the privilege is constitutionally based, the detriment to the party asserting it should be no more than is necessary to prevent unfair and unnecessary prejudice to the other side." *Id*. at 192.

Whether Defendant was represented by counsel at the time of the assertion of the privilege is a relevant consideration. *Id.* at 192-93. Defendant has been represented by competent counsel throughout. Here, Defendant is not being forced to waive his privilege in order to meet an affirmative burden, because CFTC retains the burden of proof in this enforcement action. *See Id.* at 190 (noting that SEC must still prove its case when defendant invokes the Fifth Amendment). I find that the CFTC may call Defendant as a witness, with the knowing understanding that he will and must continue to assert the privilege as to those matters for which he has previously done so. I keep in mind that this matter will proceed to a bench trial. *See* second trial preparation conference order (ECF #21). There is certainly a value, perhaps a stagecraft, in having a witness to assert the privilege in open court before a jury. Any theatrical value is blunted by the fact that this matter will be tried to the Court. While I find that the CFTC may require Defendant to re-assert the privilege in open court in response to

question(s) to which he has previously asserted the privilege, I will leave it to Judge Blackburn to determine the appropriate manner and number of such assertion(s) so as to avoid unnecessary waste of time and duplication of evidence during the course of the trial.

Adverse Inference

Parties are free to invoke the Fifth Amendment in civil cases, but the court is equally free to draw adverse inferences from their failure of proof. *See Baxter v. Palmigiano,* 425 U.S. 308, 318, 96 S.Ct. 1551, 1557–58, 47 L.Ed.2d 810 (1976); *United States v. Solano–Godines,* 120 F.3d 957, 962 (9th Cir.1997) ("In civil proceedings, however, the Fifth Amendment does not forbid fact finders from drawing adverse inferences against a party who refuses to testify."). In *Baxter,* the Supreme Court held that "the Fifth Amendment does not forbid inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them[.]" *Id.* at 318, 96 S.Ct. 1551. *Baxter* has been interpreted to mean that the negative inference against a witness who invokes the Fifth Amendment in a civil case is permissive, not required. *Daniels v. Pipefitters' Ass'n Local Union No. 597,* 983 F.2d 800, 802 (7th Cir.1993). A decision not to draw the inference "poses substantial problems for an adverse party who is deprived of a source of information that might conceivably be determinative in a search for the truth." *Rudy_Glanzer v. Glanzer*, 232 F.3d 1238, 1264 (9th Cir. 2000) (citation removed). The inference may not be drawn "unless there is a substantial need for the information and there is not another less burdensome way of obtaining that information." *Id* at 1265. The district court must determine "whether the value of presenting such evidence [is] substantially outweighed by the danger of unfair prejudice" to the party asserting the privilege. *Id.* at 1266. Moreover, the

inference may be drawn only when there is independent evidence of the fact about which the party refuses to testify. *Id.* at 1264.

Like many areas of the law, the balancing test imbedded in determining whether an adverse inference is appropriate comes down to the equities of the situation. In this action, it is the determination of this Magistrate Judge that Defendant has manipulated and obfuscated the discovery process to suit his ends, essentially from start to finish.

Each time Defendant has failed or refused to provide some piece of discovery, he has hidden behind his excuse of the moment. Defendant blamed his need to assert the privilege on the CFTC stating "[t]he CFTC caused the situation of which it now complains" by delivering a privilege log which "referenced communications by the CFTC with the U.S. Attorneys in Chicago and Denver concerning this matter." ECF #190, p. 2. Defendant blamed his loss of emails on a policy of regular purging (that serendipitously resulted in a purge shortly after the CFTC revealed an ongoing investigation). Additionally, Defendant later found earlier emails this calling into question his claim of regular purging. Defendant blamed his inability to recall email addresses, websites and other data on his lack of memory or organization. Defendant blamed the CFTC for costing him money as a result of this litigation, thus forcing him to not pay bills to certain hosts and thus resulting in the loss of substantial advertising information and the like. Defendant blamed the Court for failing to be specific enough in this Magistrate Judge's Order regarding prior discovery violations, thus resulting in a lack of understanding by Defendant as to whether certain financial information, i.e., tax returns, was discoverable.

I find that Defendant's decision to assert the privilege was a knowing and voluntary decision made after consultation with Counsel. Indeed, the CFTC was warned of the impending

5

assertion by Defense Counsel, ECF #160-1, and Defense Counsel made a prepared statement during the deposition memorializing the determination to assert the privilege. ECF #160-2, pp. 453-456. The CFTC was deprived of numerous pieces of information from which it could have made a more determinative search for the truth, e.g., the inability to determine whether Defendant's advertising assertions were testimonial or hypothetical. Defendant's repeated assertion of the privilege may cause substantial evidentiary problems for the CFTC that cannot be remedied from any other source. There is a substantial need for the information and no less burdensome manner of obtaining the information. This is particularly true in this action replete with discovery violations. I further find that the value of presenting the evidence (the adverse inference(s)) substantially outweighs any danger of unfair prejudice to the party asserting the privilege. Based on the foregoing, I find that the CFTC is entitled to an adverse inference as to each substantive question to which Defendant asserted the privilege, subject to there being independent evidence of the fact about which the Defendant refused to testify.

I therefore Order that Defendant is precluded from testifying substantively at trial as to those matter to which he has previously asserted the privilege and that he may take the stand only for purposes of invoking his Fifth Amendment privilege in the manner and frequency deemed most appropriate by Judge Blackburn.

I further Order that an adverse inference shall be drawn as to each question to which Defendant asserted his Fifth Amendment privilege, subject to there being independent evidence of the fact about which the Defendant refused to testify.

Dated at Grand Junction, Colorado, this June 14, 2017.

_____

Gordon P. Gallagher

United States Magistrate Judge