IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Gordon P. Gallagher, United States Magistrate Judge

Civil Action No. 15-cv-02313-REB-GPG

U.S. COMMODITY FUTURES TRADING COMMISSION,

    Plaintiff,

v.

GREGORY L. GRAMALEGUI,

    Defendant.

---

**RECOMMENDATION REGARDING THE CFTC'S TWO MOTIONS (ECF #s 110 & 154) FOR SANCTIONS FOR DEFENDANT'S DISCOVERY VIOLATIONS PURSUANT TO RULE 37(b)(2)(A)**

---

These matters come before the Court on the CFTC's motions for sanctions (ECF #110)[1] (which was referred to this Magistrate Judge (ECF #112)),[2] (ECF #154) (which was referred to

---

[1] "(ECF #110)" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

[2] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

this Magistrate Judge (ECF #155)), Defendant's responses (ECF #s 120 & 188), and the CFTC's replies (ECF #s 129 & 202). The Court has reviewed each of the aforementioned documents and any attachments. The Court has also considered the entire case file, the applicable law, and is sufficiently advised in the premises. Oral argument was held on May 25, 2017. For the following reasons, I **respectfully recommend that the District Judge GRANT the motions as specifically set forth below.**

As all involved in this action are aware, the discovery disputes have been extensive, unnecessary, extremely consumptive of an inordinate amount of time and resources and, most importantly, Defendant's fault. The Court does not intend to repeat the substance of the myriad disputes in this recommendation but instead incorporates the Court's Order regarding the CFTC's motion to preclude Defendant from testifying (ECF #237), the Court's Recommendation regarding the CFTC's motion for relief due to Defendant's spoliation (ECF #236), and the Court's Order regarding the CFTC's motion to compel (ECF #67). All of these show, and as I have specifically found, there is a pervasive, bad faith and intentional pattern of discovery abuses over the course of this action.

As to the instant motions, in the CFTC's first motion pursuant to Rule 37(b)(2)(A) (ECF #110), the CFTC moves for criminal contempt sanctions. In the second motion (ECF #154), the CFTC moves for either default judgment or for the permitted use of some 2500+ emails disclosed mere days before the close of discovery "for any purpose at trial [with the] Defendant be[ing] barred from making any evidentiary objections to their use, such as objections based on hearsay or failure to authenticate." ECF #154, p. 2.

Defendant, in November, 2016, disclosed some 2500 emails to the CFTC after finding them when he was able to log into an account "by serendipity." ECF # 188, p. 2. Basically,

Defendant's excuses for failing to timely provide the emails include his disorganization and forgetfulness, *Id* at p. 3, technical difficulties that defy explanation, *Id*. a p. 2, and a lack of awareness that the emails existed. *Id* at p. 1. Defendant further argues that there was really no harm anyway as the CFTC "had plenty of time to use the emails . . ." *Id*. at p. 6.

The following test needs to be applied in order to determine the appropriateness of sanctions: "(1) the degree of actual prejudice to the [other party]; (2) the amount of interference with the judicial process; ... (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Gripe v. City of Enid, Okl.* 312 F.3d 1184, 1188 (10th Cir. 2002) (reviewing the appropriateness of dismissal as a sanction in that action). As I have previously stated in the recommendation regarding spoliation (ECF #236, pp. 11-12), I do not believe default judgment appropriate at this point and will not further discuss that requested remedy.

Looking at the above factors, I find the following:

(1) The degree of actual prejudice:

This is difficult to measure under these circumstances. As much of the discovery malfeasance involved spoliation, it is impossible to know what we don't know. That being, how much is gone and irretrievable. A logical answer is some. Beyond that, it may be guess work. One item that might help, and the only item of discovery still outstanding, is the contact list of 10,000 to 65,000 contacts. This Magistrate Judge seriously considered re-opening discovery in this action. However, due to the pervasive nature of the violations, that seemed fruitless and the

idea was discarded. Suffice it to say, there was and is prejudice to the CFTC's case in an amount which is not readily quantifiable.

(2) The amount of interference with the judicial process:

The repeated discovery violations in this matter have significantly interfered with the judicial process. Of course, there has been the significant time expenditure to address these matters. More concerning is the lack of certainty that exists when discovery is spoliated. The CFTC has a right to discover the truth of what occurred, a right to which Defendant deprived the CFTC.

(3) The culpability of the litigant:

I find Defendant highly culpable. In my Order regarding the motion to compel, I set forth specific examples of what the Defendant needed to do to comply with discovery (ECF # 67 (issued 7/28/16), p. 7-10). Those things should have been done in advance of 7/28/16 and certainly after. "Serendipity" should have never entered into the equation. A logical and organized search would have found the 2500 emails well before the tail end of discovery. Preservation of many spoliated items would have mitigated the damage Defendant caused.

(4) Whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance.

Defendant was not previously warned about the possibility of dismissal but has been now. As to lesser sanctions/warnings, Defendant had to pay in excess of $22,000 for his first discovery violations, fair warning to anyone. *See* ECF #106.

(5) The efficacy of lesser sanctions:

As stated in the spoliation recommendation (ECF #236), I do believe that sanctions other than default judgment can be imposed which still preserve for Defendant his day in Court (a trial) and do not force the CFTC to try a case in which they have essentially been deprived of the ability to proceed by Defendant's machinations. For to some extent, that is the issue. Has Defendant put the CFTC in a place where the CFTC cannot proceed to trial due to so much lost discovery. The answer is no, the CFTC can proceed and probably very effectively. The loss will create holes, particularly as to the real knowledge of the extent of Defendant's actions but his actions are relatively clear.

Going back to the CFTC's motion, there is a request regarding the 2500 emails. This request is not a criminal contempt sanction request but more akin to what I have already considered in the spoliation recommendation, an attempt to fashion some method of dealing with the authenticity and other evidentiary issues created by Defendant's discovery violations. The issue is that the CFTC was deprived of discovering ways to authenticate or otherwise follow-up with regard to the 2500 emails due to their late provision. The suggestion that I Order that they can be used for any purpose at trial with Defendant being barred from making any evidentiary objections to their use, such as objections based on hearsay or failure to authenticate is entirely reasonable and is so Ordered.

I find that Defendant's behavior over the course of this actions as it relates to discovery has been contemptuous and that imposition of a criminal contempt sanction is warranted. Under the circumstances and given the nature of the violations, the interests of the parties, what is at stake

in this action, and what is likely to be an effective deterrent to such future conduct, I find that a substantial financial penalty would be most effective and respectfully recommend to the District Judge that such a penalty be imposed.

I respectfully recommend that the Honorable Senior Judge Blackburn enter the following Order:

It is hereby Ordered that the CFTC may use the 2500 emails disclosed in November, 2016 for any purpose at trial with Defendant being barred from making any evidentiary objections to their use, such as objections based on hearsay or failure to authenticate.

It is further respectfully recommended that Plaintiff shall be awarded reasonable costs and attorneys' fees incurred in making the Motion. *See FatPipe Networks India, Ltd. V. Xroads Networks, Inc.,* No. 2:09-cv-186 TC DN, 2012 WL 192792, at *6 (D. Utah Jan. 23, 2012); *Asher Assocs., LLC v. Baker Hughes Oilfield Operations, Inc.,* No. 07-cv-01379-WYD-CBS, 2009 WL 1328483, at *12 (D. Colo. May 12, 2009). The CFTC has filed a calculation of those costs at ECF #231. This filing is being considered a recommendation by this Magistrate Judge with the corresponding objection time period. Thus, Defendant shall have fourteen (14) days to respond to ECF #231 from the issuance of an order adopting or overturning this recommendation.

Dated at Grand Junction, Colorado, this June 14, 2017.

_____

Gordon P. Gallagher

United States Magistrate Judge