**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 15-cv-02313-REB-GPG

U.S. COMMODITY FUTURES TRADING COMMISSION,

    Plaintiff,

v.

GREGORY L. GRAMALEGUI,

    Defendant.

**ORDER OVERRULING OBJECTIONS TO RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

The matter before me is **Defendant's Objections to Magistrate's** [*sic*] **Regarding the CFTC's Two Motions [ECF #s 110 & 154] for Sanctions for Defendant's Discovery Violations Pursuant to Rule 37(b)(2)(A)** [#257],[1] filed July 7, 2017, which objects to the magistrate judge's **Recommendation Regarding the CFTC's Two Motions (ECF #s 110 & 154) for Sanctions for Defendant's Discovery Violations Pursuant to Rule 37(b)(2)(A)** [#238], filed June 14, 2017. Although styled as a "recommendation," because the magistrate judge suggests the imposition of purely non-dispositive sanctions, the order comes with the purview of Rule 72(a) rather than Rule 72(b). **See Gomez v. Martin Marietta Corp**., 50 F.3d 1511, 1519-20 (10th Cir.

---

[1] "[#257]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

1995).² Thus, I may modify or set aside any portion of the order which I find to be clearly erroneous or contrary to law. **FED. R. CIV. P.** 72(a). *See also Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1463 (10th Cir. 1988) (under clearly erroneous standard, court will affirm unless "on the entire evidence" it "is left with the definite and firm conviction that a mistake has been committed") (citations and internal quotation marks omitted). I find no such error in relation to the magistrate judge's determinations as to either of these motions.

The substance of the magistrate judge's order, and of defendant's corresponding objections, addresses the more than 2,500 emails defendant produced to the Commission in October 2016, just before the close of discovery. Although the Commission had requested such documents some two years prior during the investigative phase of this proceeding, and moved as early as May 2016 to compel defendant to provide them. Defendant repeatedly insisted he had produced all responsive documents in his possession. More than a year ago, the magistrate judge found otherwise and ordered defendant to specify, *inter alia*, all email accounts he used, noting defendant had failed to disclose at least three email accounts. (*See* **Order Regarding Plaintiff's Motion To Compel***, et al.* at 3, 5 [#67], filed July 28, 2016.)³ Included expressly in that listing was the email account from which the late-produced

---

² Although the Commission sought dispositive relief, "[t]he penalty to be imposed, rather than the penalty sought by the movant, controls the scope of the magistrate's authority." **Gomez**., 50 F.3d at 1519 (quoting 7 James W. Moore et al., **Moore's Federal Practice**, ¶ 72.04[2-4], at 72-66 (2nd ed. 1994)) (internal quotation marks omitted).

³ Given this clear directive from the court, defendant's suggestion that the Commission did not request these emails until October 2016 (thus creating the impression that he promptly responded), does nothing to enhance his credibility.

2

emails were produced.

Against this backdrop, defendant's claim that he serendipitously found these emails some three months after the magistrate judge ordered him to produce them, just as the discovery period was sunsetting, strains credulity. I discern no error, much less clear error, in the magistrate judge's conclusion that defendant's protestations of innocence in this regard are feckless. The magistrate judge's finding that defendant willfully failed to comply with his discovery obligations is more than amply supported by his actions in this instance and throughout the prosecution of this case, as amply shown by the record. The magistrate judge has come by his evident exasperation with defendant's behavior honestly. The magistrate judge has been in the trenches, ably assisting the court in resolving the repeated, difficult, and time-consuming discovery disputes that have plagued this litigation. Even a relatively superficial reading of the cold record demonstrates defendant's reputation for dilatoriness, obsfucation, and dissembling in his approach to discovery in this case is well-earned.[4] The magistrate judge certainly was permitted to consider the entirety of defendant's recalcitrant behavior in deciding whether – and what type of – sanctions were appropriate.[5]

---

[4] Defendant's attempt, yet again, to inject at this stage the opinion of a psychologist purportedly attesting to the sincerity of his insistence that he is not intentionally mendacious but simply disorganized and careless is both improper procedurally and irrelevant substantively, as previously laid out in my **Order Re: Objections to Recommendation of United States Magistrate Judge** at 6 n.4 [#280], filed August 18, 2017.

[5] Similarly, defendant's wholly unsubstantiated suggestion that the Commission has not been prejudiced by his woefully belated production of the responsive emails does not bear scrutiny. "Obviously, if a party is dishonest in discovery, he deprives the other side of the ability to meaningfully evaluate the case on an ongoing basis. It is not acceptable to conclude that because withheld information is eventually produced, it is 'no harm, no foul.'" ***Tom v. S.B., Inc***., 280 F.R.D. 603, 618 n.7 (D.N.M. 2012). Moreover, even though the 170 new emails included in the production were a relatively small fraction of the number actually produced, in terms of potential relevant violations, they are hardly insignificant.

The existence of that same discretion undermines defendant's argument that monetary sanctions cannot be imposed because the Commission only sought such sanctions with respect to its first motion to compel, which did not address the email dump (which occurred only after the motion had been filed). I reject this hypertechnical parsing of the duties imposed by – and the court's authority to sanction the violation of a party's duties under – the Federal Rules of Civil Procedure. Rule 37(b)(2)(A) gives the court a broad arsenal of tools to address a party's failure "to obey an order or permit discovery." These include (but are not limited to) monetary sanctions. *See* **FED. R. CIV. P.** 37(b)(2)(C).[6] Nothing in the rule limits a court from employing a sanction appropriately tailored to the nature and scope of the discovery violation it has found. It certainly could have been no surprise to defendant that monetary sanctions were on the table, since the Commission requested them in connection with a related discovery motion. I therefore find no error in the magistrate judge's determination that defendant should be required to pay the Commission's reasonable attorney fees and costs incurred in bringing these two discovery motions.

**THEREFORE, IT IS ORDERED** as follows:

1. That the magistrate judge's **Recommendation Regarding the CFTC's Two Motions (ECF #s 110 & 154) for Sanctions for Defendant's Discovery Violations Pursuant to Rule 37(b)(2)(A)** [#238], filed June 14, 2017, is approved and adopted as an order of this court;

---

[6] The Commission requested, and the magistrate judge addressed, the imposition of a monetary sanction under the rubric of criminal contempt. Although Rule 37(b) does contemplate contempt orders, *see* **FED. R. CIV. P.** 37(b)(2)(A)(vii), because a finding of and sanction for criminal contempt raises complex due process issues, I find it more appropriate to anchor the magistrate judge's authority to impose monetary sanctions in Rule 37(b)(2)(C).

2. That the objections raised in **Defendant's Objections to Magistrate's** [*sic*] **Regarding the CFTC's Two Motions [ECF #s 110 & 154] for Sanctions for Defendant's Discovery Violations Pursuant to Rule 37(b)(2)(A)** [#257], filed July 7, 2017, are overruled;

3. That **The CFTC's Motion Pursuant to Rule 37(b)(2)(A) for Defendant's Failure To Obey a Discovery Order and Incorporated Memorandum of Law** [#110], filed October 21, 2016, is granted;

4. That **The CFTC's Second Motion Pursuant to Rule 37(b)(2)(A) for Defendant's Failure To Obey a Discovery Order** [#154], filed February 1, 2017, is granted;

5. That the Commission may use the emails disclosed in November 2016 for any purpose at trial and that defendant may not make any evidentiary objections to their use;

6. That the Commission shall be awarded the reasonable attorney fees and costs incurred in bringing these two discovery motions; and

7. That as previously ordered by the magistrate judge, defendant shall have until September 11, 2017, to respond to **The CFTC's Calculation of Costs in Accordance with Scheduling Order [#221]** [#231], filed May 25, 2017.[7]

---

[7] The magistrate judge's resolution of the amount of attorney fees to be awarded is a non-dispositive matter as to which he may enter an order, rather than issuing a recommendation. ***See Hutchinson v. Pfeil***, 105 F.3d 562, 566 (10th Cir.), ***cert. denied***, 118 S.Ct. 298 (1997); ***Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc.***, 244 F.R.D. 614, 616 n.2 (D. Colo. 2007).

Dated August 28, 2017, at Denver, Colorado.

BY THE COURT:

/s/ Robert E. Blackburn
Robert E. Blackburn
United States District Judge